

1  DANIEL G. BOGDEN
   United States Attorney
2  NANCY J. KOPPE
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336/Fax: (702) 388-6698
5

6  ## UNITED STATES DISTRICT COURT

7  ## DISTRICT OF NEVADA

8  ### -oOo-

9

10  UNITED STATES OF AMERICA            )
                                        )
11              Plaintiff,              )        2:10-cr-00137-GMN-LRL
                                        )
12        vs                            )        **PLEA MEMORANDUM**
                                        )
13  JOHNSON COLBY SHEFFIELD,            )
                                        )
14              Defendant.              )
    _____)

15      The United States, by and through Daniel G. Bogden, United States Attorney, and

16  Nancy J. Koppe, Assistant United States Attorney, Johnson Colby Sheffield ("defendant") and

17  defendant's attorney, Robert Draskovich, submit this plea memorandum.

18                                  **I.**

19                          **PLEA AGREEMENT**

20      The United States and defendant have reached the following plea agreement, which is

21  not binding on the court:

22  **A.    The Plea**

23      Defendant will plead guilty to counts one and two of the indictment, charging Coercion

24  and Enticement, in violation of Title 18, United States Code, Section 2422(b).  At the time of

25  sentencing, the United States agrees to move to dismiss the remaining counts of the indictment as

26  against defendant.

**B.**   **Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.**   **Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines for each count:

1.   The Base Offense Level is 28. (U.S.S.G. § 2G1.3(a)(3);

a.   A 2 level upward adjustment applies because the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct. (U.S.S.G. § 2G1.3(b)(3));

b.   A 2 level upward adjustment applies because defendant knew or should have known that a victim of the offense was a vulnerable victim. (U.S.S.G. § 3A1.1(b)(1));

c.   A 2 level upward adjustment applies because the offense involved a large number of vulnerable victims. (U.S.S.G. § 3A1.1(b)(2))

2.   Multiple Count Adjustment (U.S.S.G. § 3D1.4)

a.   The Adjusted Offense Level for Group 1 (Count One) is 34, which counts as 1 Unit. (U.S.S.G. § 3D1.4(a));

b.   The Adjusted Offense Level for Group 2 (Count Two) is 34, which counts as 1 Unit. (U.S.S.G. § 3D1.4(a));

c.   The total number of Units is 2. (U.S.S.G. § 3D1.4(a));

2

        d.      The Greater Adjusted Offense Level is 34;

        e.      The increase in Offense Level is 2.  (U.S.S.G. § 3D1.4(a)) and

        f.      The Combined Adjusted Offense Level is 36.  (U.S.S.G. § 3D1.4)

3.      Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

4.      Defendant agrees  that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged,  in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

5.      Defendant's Criminal History Category will be determined by the Court.

**D.   Other Sentencing Matters**

1.      The defendant will seek neither a downward departure pursuant to U.S.S.G. 5K1.1 nor a downward adjustment pursuant to 18 U.S.C. 3553 from any sentence that may be imposed within the applicable sentencing range.

2.      The parties will jointly recommend that this Court sentence defendant to the 13 years imprisonment, with lifetime supervised release to follow, unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.  The defendant understands that he can not and will not receive a sentence that is lower than ten years.

3.      Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an

employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

4. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, the parties' recommendation will not change, and defendant will not withdraw defendant's plea of guilty.

5. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E.   Fines and Special Assessment**

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**F.   Restitution**

Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court. In return for

4

defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

**G.   Waiver of Appeal**

1.      In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court unless the mandatory minimum sentence falls above the applicable Sentencing Guideline range, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the Court, although defendant does not reserve the right to appeal a mandatory minimum sentence, even if that sentence falls above the applicable sentencing guideline range.

2.      Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculations in section C are consistent with the facts of this case.

**H.   Additional Promises, Agreements, and Conditions**

1.      In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at

5

sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

## I. **Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1. The penalty for violating Title 18, United States Code, Section 2422(b) is not less than ten (10) years imprisonment and not more than life imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2. Defendant is subject to supervised release for any term of years including life.

3. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may

be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

    4.    Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

    5.    Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

### III.

### ELEMENTS

The essential elements for the crime of Coercion and Enticement, Title 18, United States Code, Section 2422(b), are the following:

    1.    The defendant, using the mail or any facility or means of interstate or foreign commerce;

    2.    Knowingly persuaded, induced, enticed, or coerced;

    3.    Any individual who has not attained the age of 18 years;

    4.    To engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.

### IV.

### FACTS THAT SUPPORT GUILTY PLEA

    1.    Defendant is pleading guilty because defendant is guilty of the charged offense.

    2.    In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

    3.    Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

1        4.    On November 16, 2009, Henderson Detective Wayne Nichols initiated an
2    undercover investigation. He went onto Craigslist.com, under the casual encounter section. He found
3    an ad that stated the poster, later identified as defendant, was seeking a girl for sex. The ad included
4    2 photos - one of defendant's face, and one of an erect penis. Detective Nichols responded to the ad,
5    in an undercover capacity as a 14-year old girl. He said he was replying to the poster's Craigslist ad,
6    and asked if the poster was ok with someone younger. Detective Nichols then received an e-mail back
7    from defendant, using the e-mail address jcolbysheffield@gmail.com, acknowledging that he had
8    posted the ad. He also said that he preferred younger and requested a photo.

9        5.    Detective Nichols then said that he was a 14-year old female, and e-mailed a
10   forensically regressed image of a female officer. Shortly thereafter, defendant provided several photos
11   of the same adult male, including a photo of an erect penis. Throughout the conversations, defendant
12   made several references to the girl's age, even saying that he had always wanted to hook up with a girl
13   her age, and that he loves bad girls, especially at her age.

14       6.    Defendant quickly turned the subject to meeting. He wanted the girl to sneak
15   out to meet him. Detective Nichols said she couldn't because her aunt was home. Defendant then
16   asked if he could sneak into the home, and Detective Nichols said no. Then, defendant suggested
17   meeting down the street from the girl's residence. He said that they could hang out in his vehicle, and
18   that there was enough room. Detective Nichols repeatedly told defendant that the girl would not be
19   able to meet that night. Defendant then asked the girl to skip school to spend time with him.

20       7.    During the conversation, defendant asked questions about the girl's prior sexual
21   experiences. For example, defendant asked, "so, how many guys have you fucked? Are you a slut
22   at school?" Defendant used a facility of interstate commerce for these communications.

23       8.    The meet between defendant and the girl was set for November 17, 2009, at a
24   Vons in Henderson. Defendant arrived at the meet and was arrested.

25

26

9.      Detective Nichols advised defendant of his *Miranda* rights, which he waived. Defendant admitting to placing the Craigslist ad from his home computer, and to having communication with a female he believed to be 14 years old.

10.     After defendant was arrested, Detective Nichols obtained and executed search warrants on his residence and on his cell phone.  During his search of the cell phone, he confirmed that its phone number was the one that defendant had provided in the conversations.  He also found a saved text message conversation between defendant, and a person whose name was programmed into defendant's phone as "A."[1]  The conversation thread began on November 12, 2009, and was sexual in nature.  Defendant asked "A" if he could perform oral sex on her, and also asked her if she could sneak out.  "A" said she couldn't, because of her home alarm system.  Defendant also sent "A" 2 photos - one nude and one clothed.  In both pictures, his face is clearly displayed and Detective Nichols recognized him.  In response to defendant's request, "A" agreed to perform oral sex on him, and she also agreed that he could perform oral sex on her.  At one point, defendant said, "I'm the best1 Not like the kids u r used to lol."

11.     On November 18, 2009, Detective Nichols called the phone number identified in defendant's phone as "A."  He learned that "A" was 15 years old at the time, and attended high school.

12.     Detective Nichols has found several other minor girls that defendant used a facility of interstate commerce to attempt to persuade, entice, induce or coerce into engaging in illicit sexual conduct with him, including two 13-year old girls: "K" and "B."  Defendant knew or should have known that these victims are vulnerable victims.

. . . .

. . . .

. . . .

---
[1] The girl's full first name was programmed into defendant's phone; however, since she is a minor, the United States will refer to her as "A."

9

## V.

## ACKNOWLEDGMENT

1.      Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.      Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States.  Specifically, defendant is giving up:

a.      The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b.      The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

c.      The right to remain silent at such trial, with such silence not to be used against defendant in any way;

d.      The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

e.      The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and,

f.      The right to have the assistance of an attorney at all stages of such proceedings.

. . . .

. . . .

. . . .

10

1           3.     Defendant, defendant's attorney, and the attorney for the United States

2  acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by

3  and between the parties, and that no other promise has been made or implied by either defendant,

4  defendant's attorney, or the attorney for the United States.

5

6                              DANIEL G. BOGDEN
                                  United States Attorney

7

8

9  11/5/2010
  DATED                            NANCY J. KOPPE

10                                Assistant United States Attorney

11

12  11.5.10

13  DATED                            JOHNSON COLBY SHEFFIELD, Defendant

14

15  11.5.10

16  DATED                            ROBERT DRASKOVICH
                                Counsel for Defendant

17

18

19

20

21

22

23

24

25

26

11